IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRENCE REY BARNES,

    Plaintiff,

v.                                                          No. 12-cv-1216 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 17] ("Motion"), filed on March 29, 2013. The Commissioner responded on May 22, 2013. [Doc. 18]. Plaintiff replied on June 11, 2013. [Doc. 19]. On December 12, 2012, the Clerk of Court noted that the parties had consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to make adequate findings regarding whether Plaintiff met a Childhood Listing[2] at step three and failed to make adequate findings regarding Plaintiff's multiple, low Global Assessment of Functioning ("GAF")[3] ratings. Additionally, the ALJ impermissibly failed to make findings on Plaintiff's ability to interact appropriately with

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The GAF rating uses a scale of 1 to 100 to reflect "the clinician's judgment of the individual's overall level of functioning." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* ("*DSM-IV*") 32 (Text Revision 4th ed. 2000).

supervisors. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this Opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[4] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may

---

[4] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Processes

In order to qualify for disability benefits, an *adult* claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  A *child* claimant, however, must establish that he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C); 20 C.F.R. § 416.906.

When considering a disability application for an adult, the Commissioner is required to use a five-step sequential evaluation process ("SEP"). 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings of

3

presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

The "test for determining whether a *child* claimant is disabled is an abbreviated version of the adult [5-step SEP]."  *Sullivan v. Zebley*, 493 U.S. 521, 526, (1990).  Rather than five steps, the ALJ uses three steps, the first two of which mirror the first two adult steps.  *See id.*  A child under eighteen years of age is "disabled" and eligible for SSI benefits if the child (1) is not doing substantial gainful activity; (2) has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the Listings for disability at 20 C.F.R. Part 404, Subpart P, Appendix 1, and otherwise meets the applicable duration requirement.  20 C.F.R. § 416.924(a)–(d); *see also id.* § 416.906 (specifying duration requirement).

### III.  Procedural Background

An application for supplemental security income ("SSI") was filed on Plaintiff's behalf—because he was under 18 years of age[5]—on August 17, 2009.  Tr. 19.  His claim was denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Ben Willner held a hearing on February 16, 2011, in Albuquerque, New Mexico.  Tr. 19,

---

[5] Plaintiff was born on October 14, 1991, *see* Tr. 23, and, therefore, he turned 18 years old on October 14, 2009.

39–85. Plaintiff; his mother, Mary Kay Barnes; and his attorney, Feliz Martone; appeared in person. Tr. 19, 39. The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Tom Griner, who also appeared in person. Tr. 19, 42−84.

The ALJ issued his unfavorable decision on April 26, 2011. Tr. 19–33. At step one of the child SEP, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since the date of his application. Tr. 24. Next, at step two, he found that Plaintiff suffered from the following severe impairments: Asperger's disorder, mood disorder, and chronic headaches. *Id.* At step three of the child SEP, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. *Id.* He further found that Plaintiff's impairments, alone or combination, failed to functionally equal a Listing. *Id.* at 24–30. Accordingly, the ALJ found that before attaining age 18, Plaintiff was not disabled. *Id.* at 30.

Having determined that Plaintiff was not disabled before he turned 18, the ALJ proceeded with the remaining adult steps. At step two, the ALJ found that Plaintiff had no new severe impairments since turning 18. Tr. 30. He further found at step three that Plaintiff had no impairment or combination of impairments that met or medically equaled a Listing. *Id.* Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 31.

> [S]ince attaining age 18, [Plaintiff] has had the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to working with things rather than people and work which involves only routine changes in the work environment. He is able to maintain concentration, pace, and persistence on such tasks for two hours at a time.

*Id.*

At step four, the ALJ found that Plaintiff had no past relevant work. *Id.* Accordingly, he proceeded to step five, where he relied on testimony by the VE to find that, based on Plaintiff's age, education, work experience, and RFC, he was capable of performing other jobs that exist in significant numbers in the national economy. Tr. 31–32.

Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and he denied the claim. Tr. 33. The Appeals Council denied Plaintiff's request for review on October 12, 2012. Tr. 1−5. Plaintiff timely filed the instant action on November 26, 2012. [Doc. 1].

### IV.   Analysis

The Motion will be granted, and the case will be remanded to the Commissioner for proper evaluation at step three of the child SEP, including evaluation of the multiple GAF ratings. Remand is also warranted for findings on Plaintiff's ability to interact appropriately with supervisors. The Court does not reach Plaintiff's other claims because they may be affected by correction of the other identified errors.

#### A.  Meeting or Medically Equaling a Childhood Listing

Plaintiff challenges the ALJ's finding, at step three of the child SEP, that Plaintiff's "impairments are not attended with the specific signs and findings necessary to meet or equal any listed impairment." [Doc. 17] at 13–14 (quoting Tr. 24). Specifically, Plaintiff argues that the ALJ impermissibly failed to discuss this step-three finding in any meaningful way, instead providing a lone boilerplate sentence. *Id.* (citing *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (remanding where the ALJ failed to make findings at step three "supported by

specific weighing of the evidence" so the court could not assess whether substantial evidence supported the finding or whether the correct legal standards were applied)).  The Commissioner argues that Plaintiff failed to show that he met any Childhood Listing at step three, so the ALJ's finding was correct.  [Doc. 18] at 6–7, 7–9.  Plaintiff replies that the issue before this Court is not whether he showed that he met a Listing, but rather, whether the ALJ's decision was supported by substantial evidence and whether the correct legal standards were applied.  [Doc. 19] at 1.  Plaintiff is correct.

As in *Clifton*, the ALJ here failed to explain his step-three findings.  Tr. 24.  The entirety of his findings is as follows:

> 4.   Before attaining age 18, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments . . . .
> I have carefully reviewed all of the childhood listings and all the adult listings and am convinced that [Plaintiff's] impairments are not attended with the specific signs and findings necessary to meet or equal any listed impairment.

Tr. 24.  This "bare conclusion is beyond meaningful judicial review."  *Clifton*, 79 F.2d at 1009; *see Huffman v. Astrue*, No. 07-5186, 290 F. App'x 87, 89 (10th Cir. July 11, 2008) (unpublished) (applying *Clifton* to hold even more detailed step-three finding inadequate for judicial review).  Moreover, the Commissioner's response misperceives the standard of review before this Court.  *See* [Doc. 18] at 6–7.  The Commissioner attempts to explain why Plaintiff failed to meet certain Childhood Listings.  *See id.*  However, these explanations were not provided by the ALJ himself, and therefore, the Court may not consider them.  *See, e.g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (Reviewing courts may only

7

evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not "supply[] possible reasons" for an ALJ's decision after the fact.). Remand is warranted for proper evaluation at step three of the child SEP.

### B.  Credibility Analysis

Plaintiff challenges the ALJ's credibility findings on numerous grounds, [Doc. 17] at 15–19, but the Court need not reach them because they may be altered on remand anyway. The ALJ found Plaintiff credible *only to the extent his symptoms were consistent with the RFC assessment*. Tr. 25. As explained below, the Court will remand the case for further findings regarding the RFC assessment. *See* section D, *infra*. Considering that the challenged credibility findings expressly rely on the RFC assessment, the Court declines to address the credibility arguments at this time.

### C.  Functionally Equaling a Childhood Listing

On several grounds, Plaintiff challenges the ALJ's findings on four of the six domains as not supported by substantial evidence. *See* [Doc. 17] at 20–21. The Court agrees.

The ALJ failed to discuss the four GAF ratings in the record. *See* Tr. 19–33. The ALJ did discuss why he rejected Dr. Koltuska-Haskin's opinion and why he rejected her GAF rating in particular. Tr. 26. However, he did not address the other three GAF ratings, one of which came from the treating physician, E.B. Hall, M.D. *See* Tr. 25–26 (ALJ finding Dr. Hall to be a treating physician and discussing his treatment records generally but not addressing Dr. Hall's GAF rating); Tr. 559 (Dr. Hall's GAF rating of 50). All of the GAF ratings in the record were consistent with Dr. Koltuska-Haskin's GAF rating. *Compare* Tr. 580 (Dr. Koltuska-Haskin's

GAF rating of 40–45 and highest in last year of 40–45), *with* Tr. 559 (Dr. Hall's GAF rating of 50), *with* Tr. 261 (Dr. Ley's GAF rating of 50 and highest in past six months of 55), *and* Tr. 374 (Dr. Castro's GAF rating of 45). Importantly, all indicated "serious impairment in . . . occupational functioning." *DSM-IV* at 34 (GAF ratings ranging from 41–50 indicate "serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)). The ALJ's failure to discuss the multiple and consistent GAF ratings indicating "serious" limitation in the ability to work was error. *See Simien v. Astrue*, No. 06-5153, 2007 U.S. App. LEXIS 15715 at *6–7 (10th Cir. June 28, 2007) (unpublished) (remanding where ALJ ignored GAF ratings)). Remand is necessary for proper consideration of Plaintiff's GAF ratings.

Because remand requires additional findings on Plaintiff's GAF ratings, no further review of Plaintiff's domain-specific arguments is necessary. *See Vergara v. Colvin*, No. 13-2020, 2013 U.S. App. LEXIS 19310, at *12 n.5 (10th Cir. Sept. 20, 2013) (unpublished) ("Because additional proceedings on remand may affect the ALJ's severity ratings in each affected domain, we do not reach Claimant's other arguments that the ALJ should have found marked limitations [in certain domains].").

D.  Steps Four and Five in Adult SEP

Plaintiff argues that the ALJ erred at steps four and five of the adult SEP. [Doc. 17] at 25. He argues that the ALJ improperly failed to consider his ability to interact appropriately with supervisors. *Id.* (citing 20 C.F.R. § 416.945(c) and *Miller v. Barnhart*, No. 01-2231, 43 F. App'x 200, 204 (10th Cir. July 22, 2002) (unpublished) (applying § 416.945(c) and finding reversible error where ALJ made no RFC finding at all, including no finding on claimant's

9

ability to interact with supervisors)). Similarly, Plaintiff argues that the ALJ ignored probative evidence of his difficulties accepting criticism from supervisors.[6] [Doc. 17] at 25–26 (citing *Clifton*, 79 F.3d at 1010 and Tr. 77, 83–84). The Commissioner responds that the ALJ's adult-SEP findings are supported by substantial evidence. [Doc. 18] at 14–16, 17–19. She acknowledges that Dr. Chiang, one of the non-examining doctors, found Plaintiff to have "moderate limitations" in the ability to accept criticism from supervisors. [Doc. 18] at 16 (citing Tr. 445–47). Nevertheless, she argues that the ALJ did not err in failing to make any findings on Plaintiff's ability to interact appropriately with supervisors because Dr. Chiang also found that Plaintiff had no limitation in his ability to understand, remember, and carry out short and simple instructions and that Plaintiff could sustain semi-skilled work. *Id.* Plaintiff replies that the ALJ was required to make findings on his ability to get along with supervisors, irrespective of Dr. Chiang's opinion. [Doc. 19] at 2 (citing 20 C.F.R. § 416.945(c)). Plaintiff is correct, and remand is warranted.

The ALJ was required to make findings on Plaintiff's ability to interact appropriately with his supervisors. *See* 20 C.F.R. § 416.945(c)). The Commissioner's does not argue otherwise. *See* [Doc. 18] at 14–19. Instead, she asserts that Dr. Chiang's opinion supports the ALJ's finding that Plaintiff can perform semi-skilled work. *Id.* at 16. However, this is beside the point for two reasons. First, the issue here is Plaintiff's ability to interact with supervisors, not his skill level. Second, the ALJ himself did not cite to Dr. Chiang's opinion as support for a

---

[6] Plaintiff also mentions that ALJs "generally" make certain findings regarding a claimant's functional limitations at step three, which the ALJ here failed to make. [Doc. 17] at 25 (citing 20 C.F.R. §§ 416.920a, 416.925(b)(2)). He does not further develop the argument. *See id.* The Commissioner does not respond to it. *See* [Doc. 18] at 14−19. Plaintiff apparently abandons it because he does not mention it in reply. *See* [Doc. 19] at 2.

finding on Plaintiff's ability to interact with supervisors. He simply failed to make the required finding, without which judicial review is not meaningful. Remand, therefore, is warranted for findings on Plaintiff's ability to interact appropriately with supervisors.

## V.   Conclusion

Remand is required for proper evaluation of the child SEP at step three, and of Plaintiff's multiple GAF ratings, in particular. Remand is also warranted for findings on Plaintiff's ability to interact appropriately with supervisors. The Court does not reach Plaintiff's other claims because they may be affected by correction of the other identified errors.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**